IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00194-FDW

| JOSHUA LEE BLACKWELL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| ALAN HOUSER, Lt.; | ) |  |
| JUDY HUMPHRIES, Nurse, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on consideration of the pro se complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. For the reasons that follow, this civil action will be dismissed.

I.      BACKGROUND

According to the complaint, Plaintiff is a pretrial detainee housed in the Lincoln County Detention Center awaiting the disposition of an unspecified criminal charge or charges. On September 23, 2016, while awaiting his next court date, Plaintiff was playing cards with two other inmates in the C-Block of the detention center when he received an unexpected attack from a fellow inmate whom he only identifies as "the attacker." Plaintiff felt a sharp pain in his back as though he were being repeatedly stabbed and a struggle ensued and Plaintiff was able to grab the attacker's head and slam it into a wall. The attacker was able to recover and placed Plaintiff into a headlock, but Plaintiff ultimately connected with a few punches and the attacker doubled over.

Officers responded to the scene and escorted Plaintiff to see Defendant Nurse Humphries who proceeded to treat Plaintiff's injuries by cleaning the wounds. Nurse Humphries observed

that he had been stabbed three times and suffered a cut on his neck. She put glue on the injuries and explained that a few small scars would remain after they had healed.

Captain Tim Johnson took photographs of Plaintiff's injuries and Officer Stephens explained that he observed the attacker discard something into a trashcan in C-Block, and he and Officer Neal searched the trashcan and retrieved a spoon that had been sharpened down to a fine point.

A few days after the attack, Defendant Lt. Alan Houser spoke with Plaintiff about the incident and asked if he wanted to press charges, and he explained that any such charges would be misdemeanor charges. Plaintiff disagreed with this assessment and resolved to research the issue. After consulting the North Carolina General Statutes, Plaintiff concluded that the proper charge should be Assault with a Deadly Weapon Inflicting Serious Injury which Plaintiff contended would be a Class E felony. See N.C. Gen. Stat. § 14-32(b).

Armed with this information, Plaintiff placed notice through the detention center's Kiosk that he wanted to press charges because the attacker had assaulted three or four other people in addition to himself. Having received no timely answer, Plaintiff filed a written grievance to complain that no charges had been filed and he raised a question regarding why the spoon had not been accounted for or discovered by the officers prior to the attack.

Plaintiff contends that Lt. Hauser was deliberately indifferent by ignoring an obvious danger which presented an unreasonable risk of harm to him in violation of his Eighth Amendment rights, and that Nurse Humphries violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. Plaintiff also presents claims arising under the North Carolina Constitution that he is entitled to "life, liberty and security of person" and equal protection under the law.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

### A. Defendant Lt. Houser

Plaintiff first contends that Lt. Houser violated his Eighth Amendment rights by failing to ensure that the officers he supervised had scoured the detention center for potential weapons.

To establish supervisory liability under § 1983, a plaintiff must allege facts showing: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or provide tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular

3

constitutional injury suffered by the plaintiff. See Randall v. Prince George's County, Md., 302 F.3d 188, 206 (4th Cir. 2002) (quotations omitted).

Under the first prong, the subordinates' conduct must be "pervasive," "meaning that the conduct is widespread, or at least has been used on several different occasions." Id. Hence, a plaintiff will not satisfy the deliberate indifference standard "by pointing to a single incident or isolated incidents[.]" Id. Rather, at a minimum, the plaintiff must demonstrate that the supervisor exhibited "continued inaction in the face of documented widespread abuses."

Here, Plaintiff blankly contends that "the attacker" jumped three or four other pretrial detainees prior to the assault on Plaintiff; however, this contention does not allege that a sharpened eating utensil was involved in the attack nor does this allegation demonstrate that Lt. Houser had actual knowledge of the attacks and refused to take protective action. (Compl. ¶ 16).

Plaintiff has failed to carry his burden to demonstrate Lt. Houser had unreasonably or knowingly ignored potential risks of physical harm to him. Put simply, jails are populated with numerous detainees that are charged with violent crimes, and violence within the detention center is a sad fact of detention even though officers may have given their best efforts to prevent such attacks. In sum, the facts alleged in the complaint fail to show that Lt. Houser has acted in violation of Plaintiff's constitutional rights.

Plaintiff also appears to contend that Lt. Houser violated his constitutional rights by failing to agree that the attacker should be charged with an E felony in connection with the assault. In considering the facts in the complaint, the Court cannot find that Lt. Houser's exercise of discretion in whether to charge an inmate – with either a misdemeanor or a felony, or even at all – rises to the level of a violation actionable in a § 1983 complaint. This is particularly true because Plaintiff does not contend that he has been the target of any further violence at the hands

of the attacker in the absence of a criminal charge. Moreover, it has been roughly a month since the alleged assault took place, thus Lt. Houser has ample time to pursue charges and it is possible the case may still be under investigation.

    B.    Defendant Nurse Humphries

Plaintiff contends that he has suffered headaches since the attack and pain in the side of his neck and suffers some nerve damage. Plaintiff also complains that he has submitted several grievances but has not received any responses. (Compl. ¶¶ 24-27).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an

5

excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

Plaintiff fails to state an actionable claim against Nurse Humphries that she was deliberately indifferent to his serious medical needs. First, the complaint shows that Nurse Humphries promptly treated him and was apparently able to treat his serious wounds and stabilize him. That she may not have sent him for X-rays or for evaluation by a doctor merely demonstrates a disagreement with the course of treatment. Second, Plaintiff's allegation that he placed several grievances that were apparently ignored does not fairly implicate deliberate indifference on the part of Nurse Humphries because Plaintiff does not contend that she was the one receiving the grievances and failing to act.

IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: October 28, 2016

Frank D. Whitney
Chief United States District Judge